UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#6
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 12-967 PSG (AJWx) | Date | February 23, 2012 |
|---|---|---|---|
| Title | United Illuminating Realty Trust v. Christina Gersten, *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):    Attorneys Present for Defendant(s):

Not Present    Not Present

**Proceedings:    (In Chambers) Order REMANDING case to state court and MOOTING ex parte application**

On February 8, 2012 Defendant Christina Gersten ("Defendant") filed a notice of removal of a civil action for unlawful detainer brought by United Illuminating Realty Trust ("Plaintiff"). *See* Dkt #3. On February 17, 2012, Plaintiff filed an *ex parte* application seeking remand and an award of attorney's fees. *See* Dkt. # 6. After reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#6
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-967 PSG (AJWx) | Date | February 23, 2012 |
|---|---|---|---|
| Title | United Illuminating Realty Trust v. Christina Gersten, *et al.* | | |

removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567. Furthermore, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983).

The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, no basis for federal question jurisdiction exists.

Furthermore, the Court notes that there is no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). Here, Defendant's notice of removal fails to establish Plaintiff's citizenship. Moreover, the Court notes that the complaint for unlawful detainer seeks only past rent due in the amount of $31,400.00. *See Dkt.* # 3. Therefore, Defendant has failed to meet the $75,000.00 amount in controversy requirement, and diversity jurisdiction is lacking.

Defendant's notice of removal alleges removal jurisdiction based on 28 U.S.C. § 1441. *Not.* 3:20-25. Under Section 1441, a party may remove an action to the district court embracing the state court where the action is currently pending if the district court would also have original jurisdiction. *See* 28 U.S.C. § 1441(a). Since Defendant has failed to provide a sufficient basis for original federal jurisdiction, the action cannot properly be removed under Section 1441.

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and therefore REMANDS the case. And as the Court has determined that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#6
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-967 PSG (AJWx) | Date | February 23, 2012 |
|---|---|---|---|
| Title | United Illuminating Realty Trust v. Christina Gersten, *et al.* | | |

remand is appropriate, Plaintiff's pending *ex parte* application seeking the same relief is rendered moot.  *See* Dkt. # 6.  The Court declines to award attorney's fees.

   **IT IS SO ORDERED.**